[Cite as *Carver v. Carver*, 2026-Ohio-3017.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

| | |
|---|---|
| CHAD A. CARVER, | Case No. 2026 CA 0002 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Richland County Common Pleas Court, Division of Domestic Relations, Case No. 2020 DIS 0218 |
| AMANDA CARVER, | |
| Defendant - Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry: August 5, 2026 |

**BEFORE:** William B. Hoffman; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** CHASE E. BAKER, Attorney for Plaintiff in Trial Court; GORDON M. EYSTER, for Defendant-Appellant.

*Montgomery, J.*

{¶1}   Defendant-Appellant Amanda Carver appeals the judgment entered by the Richland County Common Pleas Court, Domestic Relations Division, finding her in contempt of court.  Plaintiff-Appellee is Chad A. Carver.[1]

---

[1] Appellee has not filed a brief in the instant case.

## STATEMENT OF THE FACTS AND CASE

{¶2} The parties' marriage was dissolved by decree of the Richland County Common Pleas Court, Domestic Relations Division, filed on July 23, 2020. The decree of dissolution incorporated a separation agreement, which provided in pertinent part:

> Mother shall claim [N.C. and A. C.] for all tax purposes. Father shall claim
> [C.C.] for all tax purposes, so long as Father is substantially current on child
> support by January 31st of the year following the tax year in question.
> Separation Agreement, p. 4.

{¶3} C.C. turned eighteen years of age in May of 2024. When Appellee claimed C.C. as a dependent on his tax returns for the year 2024, he was informed that C.C. had already been claimed as a dependent on another tax return. Appellee filed a motion seeking to hold Appellant in contempt of court for claiming C.C. as a dependent in violation of the decree of dissolution.

{¶4} The case proceeded to an evidentiary hearing before a magistrate in the trial court. Appellant admitted that she claimed C.C. as a dependent for the tax year of 2024. She testified she believed, based upon the advice of a tax professional, that she could claim C.C. because he was emancipated, having turned eighteen years of age in 2024.

{¶5} The magistrate found Appellant violated the dissolution decree and recommended she be found in contempt of court. The magistrate recommended Appellant be sentenced to five days in the Richland County Jail, but she could purge the contempt by executing all tax forms necessary to effectuate Appellee's ability to claim C.C. for the 2024 tax year, and by reimbursing Appellee's attorney the sum of $1,500 for attorney fees plus $300 for court costs.

{¶6}   Appellant filed objections to the magistrate's report.  The trial court overruled the objections and entered judgment in accordance with the magistrate's decision.  It is from the December 8, 2025, judgment of the trial court Appellant prosecutes her appeal, assigning as error:

{¶7}   "I.  THE TRIAL COURT DID NOT HAVE JURISDICTION TO HEAR THE MOTION TO SHOW CAUSE, AND FURTHER ERRED IN ADOPTING THE MAGISTRATE'S DECISION AND HOLDING DEFENDANT IN CONTEMPT FOR VIOLATION OF A COURT ORDER."

{¶8}   Appellant argues under this single assignment of error that the trial court erred in numerous evidentiary rulings, and that the trial court failed to require expert testimony regarding Appellee's attorney fees.  These arguments are not separately assigned and argued as error as required by App.R. 16(A), and as such, we disregard them pursuant to App.R. 12(A)(2).  We address only Appellant's arguments specifically assigned and argued as error: whether the trial court lacked jurisdiction to hear the contempt motion because the child was emancipated, and whether the trial court abused its discretion in holding Appellant in contempt for violating the court's order with regard to the dependency exemption.

## JURISDICTION

{¶9}   Appellant argues the trial court did not have jurisdiction over Appellee's motion because the child who is the subject of the dependency exemption had reached the age of eighteen.

{¶10}  This Court has previously held that the trial court retains jurisdiction over the parties and the dependency exemption even after the child has reached the age of majority:

Under R.C. 3105.65(B), the trial court retains jurisdiction to modify all matters pertaining to the care of the parties' children. Specifically, the Revised Code establishes in relevant part, "The court has full power to enforce its decree and retains jurisdiction to modify all matters pertaining to the allocation of parental rights and responsibilities for the care of the children, to the designation of a residential parent and legal custodian of the children, to child support, to parenting time of parents with the children, and to visitation for persons who are not the children's parents.

Pursuant to R.C. 3113.21(B)(10), the allocation of the dependent child tax exemption is treated as an order for the payment of child support. *Singer v. Dickinson* (1992), 63 Ohio St.3d 408, 414, 588 N.E.2d 806. Therefore, the allocation of exemption is unequivocally an issue pertaining to parental rights and responsibilities.

*Chumney v. Scott*, 2005-Ohio-1230, ¶¶ 12-13 (5th Dist.).

{¶11} We find that the trial court did not err in finding it had jurisdiction over the allocation of the dependent child tax exemption even though the child had reached the age of eighteen.

## FINDING OF CONTEMPT

{¶12} Appellant argues that the trial court erred in finding her in contempt because the child was emancipated, thus entitling her to the exemption; she did not willfully violate the order because she relied on the advice of a tax professional; and Appellee did not prove he was current on his child support payments as of January 31, 2025.

## STANDARD OF REVIEW

{¶13} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

## ANALYSIS

{¶14} Contempt may be classified as either criminal or civil in nature. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 254 (1980). A civil contempt citation is used to force compliance with a court order or judgment, whereas a criminal contempt citation is imposed solely for the purpose of punishment. *Id*. Although both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character and purpose of the punishment. *State v. Kilbane*, 61 Ohio St.2d 201, 205 (1980). "The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 58 (1971). Punishment is remedial or coercive and for the benefit of the complainant in civil contempt. *Brown* at 253. Prison sentences are conditional. *Id*. The contemnor is said to carry the keys of his prison in his own pocket, since he will be freed if he agrees to do as ordered. *Id*.

{¶15} The instant case involves civil contempt because the five-day prison sentence was conditional on Appellant's failure to execute the paperwork necessary to allow Appellee to claim the tax exemption for the child and her failure to pay Appellee's attorney fees and court costs.

{¶16} Proof of purposeful, willing or intentional violation of a court order is not required for a finding of civil contempt. *Pugh v. Pugh,* 15 Ohio St.3d 136, 140 (1984). The fact that the contemnor acted innocently and not in intentional disregard of a court order is not a defense to a charge of civil contempt. *Id.* Therefore, the fact that Appellant claims she relied on the advice of a tax professional and did not willfully violate the court order is irrelevant. She was aware Appellee was entitled to the tax exemption per the separation agreement, and she violated the order. Thus, the trial court could find her in contempt of court.

{¶17} Pursuant to the separation agreement, Appellee was entitled to the tax exemption for the year 2024 if he was current on his support obligation as of January 31, 2025. The child turned eighteen during the 2024 tax year. The dissolution decree required Appellee to pay child support until the child turned eighteen, or beyond the age of eighteen if the child was enrolled in high school full-time. Appellee testified that as of the spring of 2025 when he checked the status of his payments after discovering Appellant had claimed the tax exemption, he was current on his child support. Appellant testified she was unsure if Appellee was current or not as of January 31, 2025, but did not base her decision to claim the exemption on his failure to pay support. She testified she claimed him as a dependent on her tax return because she believed that after he turned eighteen, the decree of dissolution no longer applied. We find the trial court did not abuse its discretion in concluding Appellee was entitled to the exemption for the tax year 2024.

{¶18} We find the trial court did not abuse its discretion in finding Appellant in contempt of court for violating the provision of the divorce decree allowing Appellee to claim the tax exemption for C.C.

**{¶19}** The assignment of error is overruled.

## CONCLUSION

**{¶20}** The judgment of the Richland County Common Pleas Court, Domestic Relations Division, is affirmed.

**{¶21}** Costs are assessed to Appellant.


By: Montgomery, J.

Hoffman, P.J. and

Popham, J. concur.